CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:01CR10010-002 |
| v. | ) **OPINION AND ORDER** |
| WILLIAM GRAHAM, | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*William Graham, Pro Se.*

The defendant, previously sentenced to prison by this Court, has filed a pro se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Motion). He claims that his release is warranted because he is the only available caregiver for his ailing mother. For the following reasons, Graham's Motion will be denied.

## I. BACKGROUND.

On January 18, 2002, Graham was convicted by a jury on multiple charges, including distribution of oxycodone, engaging in a criminal enterprise, using or carrying a firearm during a drug trafficking offense, and being a felon in possession of a firearm. He was sentenced to 420 months of imprisonment. His scheduled release date is December 23, 2030.

## II. STANDARD OF REVIEW.

A sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under those policy statements, a defendant's sentence may be reduced due to family circumstances if the defendant's immediate family member "or an individual whose relationship with the defendant is similar in kind to that of an immediate family member" is incapacitated, and the defendant is the "only available caregiver." U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b)(3)(D) (U.S. Sent'g Comm'n 2024) (defining "immediate family member" as a child, spouse or registered partner, parent, grandchild, grandparent, or sibling).

Even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024).

### III. DISCUSSION.

Graham alleges that his mother is incapacitated due to her health issues and that he is the only person available to assist her with daily tasks. As noted above, compassionate release may be warranted when an inmate needs to care for an incapacitated family member. Bureau of Prisons Program Statement 5050.50 defines incapacitation as having "suffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is

completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair." U.S. Dep't of Justice, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, Federal Bureau of Prisons Program Statement No. 5050.50 (Jan. 17, 2019), https://www.bop.gov/ policy/progstat/5050_050_EN.pdf; see, e.g., *United States v. Collins*, No. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 n.13 (D. Kan. Jan. 13, 2020) (finding that, although the Program Statement governs "how the BOP reviews an inmate's request for reduction in sentence," it "provide[s] guidance for courts as well").

Graham notes that his mother suffers from many illnesses including chronic renal failure, chronic pain syndrome, rheumatoid arthritis, osteoarthritis, lumbar spondylosis, and emphysema. He also explains that his mother was severely injured in several recent falls. In support of his Motion, Graham provides several exhibits detailing his mother's medical history and showing images of her injuries from falls.

These exhibits confirm that Graham's mother is struggling with chronic health issues and experienced trauma to her face. However, his mother's condition does not rise to the level of incapacitation required in compassionate release cases. Although I empathize with her difficult situation, she cannot be characterized as completely disabled or totally confined to a bed or chair.

Graham's progress and rehabilitation while incarcerated have been commendable and I encourage him to continue this trajectory. However, rehabilitation alone is not grounds for compassionate release. I therefore find that Graham has not met his burden to justify his release.

IV. CONCLUSION.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 178 is DENIED.

ENTER: October 2, 2025

/s/ JAMES P. JONES
Senior United States District Judge